# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN ALSTON,**
        **Plaintiff,**

    v.                                                  Case No. 10-C-0443

**WISCONSIN COURT OF APPEALS,**
        **Defendant.**

## ORDER

On May 21, 2010, pro se plaintiff Kevin Alston filed a complaint against the Wisconsin Court of Appeals along with a motion to proceed in forma pauperis. Having reviewed plaintiff's motion and accompanying affidavit, I am satisfied that he is indigent and eligible to proceed without prepayment of the filing fee. Having reviewed the complaint, however, I conclude that this action must be dismissed because I lack subject matter jurisdiction over plaintiff's claims.

Plaintiff asks me to review and reverse an order of the Wisconsin Court of Appeals dated August 16, 2007. (Compl. at p. 8.) The order relates to a worker's compensation matter in which plaintiff was denied benefits. Pursuant to the Rooker-Feldman doctrine, lower federal courts (such as district courts and courts of appeal) lack jurisdiction over claims seeking review of state court judgments. See, e.g., Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). This doctrine applies even if the state court judgment was erroneous or unconstitutional. Id. Because plaintiff, who lost his case in state court, seeks through this action to obtain review and rejection of a state court judgment that was rendered before this action was commenced, I lack jurisdiction over this action. See Exxon

Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Therefore, the action will be dismissed for lack of subject matter jurisdiction.

I note that plaintiff states that he had previously petitioned for certiorari in the United States Supreme Court, and that in denying review, the Court stated that the United States District Court for the Eastern District of Wisconsin would have jurisdiction over his claim. (Compl. at p. 8.) Plaintiff does attach to his complaint any document containing this statement. However, I assume that whoever made the statement was not cognizant of the fact that plaintiff's claim involved the review and rejection of a state court judgment. In any event, I have an independent obligation to confirm that subject matter jurisdiction exists, and I conclude that in the present case it is lacking.

**THEREFORE, IT IS ORDERED** that the complaint is dismissed for lack of subject matter jurisdiction. The clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge